# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

JASON T. EVICK,

                Petitioner,          :     Case No. 1:21-cv-494

    - vs -                            District Judge Douglas R. Cole
                                        Magistrate Judge Michael R. Merz

WARDEN, Toledo Correctional Institution,

                                        :
                  Respondent.

---

## DECISION AND ORDER DENYING MOTION FOR STAY AS MOOT

---

This habeas corpus case, brought *pro se* by Petitioner Jason Evick under 28 U.S.C. § 2254, seeks relief from his conviction in the Common Pleas Court of Clermont County, Ohio, on charges of domestic violence and abduction (Petition, ECF No. 1). The case is before the Court on Petitioner's Motion to Stay consideration of his Clermont County conviction until his Clinton County conviction is also ripe for adjudication (Motion of Stay and Abeyance, ECF No. 7, filed September 20, 2021). The instant case was filed July 28, 2021. After the instant Motion was filed, Evick filed on February 28, 2022, a Petition related to his Clinton County conviction, Case No. 1:22-cv-111. In the meantime, Respondent opposed the Motion to Stay on grounds it did not meet the criteria of *Rhines v. Weber*, 544 U.S. 269 (2005)(ECF No. 10).

Evick concludes his Motion by requesting that the Court stay this case until the records of both Clermont and Clinton County convictions can be coalesced and consolidated for

consideration before a single court and judge to weigh the evidence as a whole." (ECF No. 7, PageID 42).

As noted above, Evick has now filed a Petition directed to the Clinton County conviction in Case No. 1:22-cv-111. Under this Court's standard procedure for cases that appear to be related, the assigned judges were asked if the cases were sufficiently related that they should be assigned to the same judges and they answered "no." (ECF No. 17). The Magistrate Judge assigned to the newer case has ordered the record in that case filed in this Court, so it will be available to consult in this case should it become relevant.

The Petition herein is not a mixed petition within the meaning of that term in *Rhines* and the judges assigned to both cases have determined they will not be consolidated. Petitioner is free to make whatever arguments he believes will be persuasive about the relationship between the two cases. Habeas corpus courts are not free to "weigh the evidence" in any event.

The Motion for Stay is accordingly denied as moot.


April 20, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

2