# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JASON T. EVICK,

        Petitioner,    :    Case No. 1:21-cv-494

- vs -    District Judge Douglas R. Cole
    Magistrate Judge Michael R. Merz

WARDEN, Toledo Correctional Institution,

    :

    Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Jason Evick under 28 U.S.C. § 2254, seeks relief from his conviction in the Common Pleas Court of Clermont County, Ohio, on charges of domestic violence and abduction (Petition, ECF No. 1). Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9), and Petitioner's Reply (ECF No. 11) as supplemented (ECF No. 12).

**Litigation History**

On March 23, 2017, a Clermont County, Ohio, grand jury indicted Evick on one count of domestic violence in violation of Ohio Revised Code § 2919.25(A) and one count of abduction in violation of Ohio Revised Code § 2905.02(A)(2)(Indictment, State Court Record, ECF No. 8, Ex.

1

1). The charges were prosecuted in Clermont County Common Pleas Court Case No. 2018-CR-00191.

After two changes of counsel and Evick's stipulation to four prior domestic violence convictions, the case was tried to a jury which convicted Evick on both counts (Verdicts, State Court Record, ECF No. 8, Ex. 12). The trial court determined the crimes were not allied offenses of similar import to be merged under Ohio Revised Code § 2941.25 and sentenced Evick to six years imprisonment. Evick appealed to the Twelfth District Court of Appeals which affirmed. *State v. Evick*, 2019-Ohio-2791 (Ohio App. 12th Dist. Jul. 8, 2019)(*"State v. Evick I (Clermont)"*). The Supreme Court of Ohio declined jurisdiction over a subsequent appeal. *State v. Evick*, 156 Ohio St.3d 1447 (2019). Evick's Application to Reopen his direct appeal under Ohio R. App. P. 26(B) was denied and he did not appeal (Entry, State Court Record, ECF No. 8, Ex. 28). Evick did not appeal, but filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at Ex. 29. The Common Pleas Court denied relief. *Id.* at Ex. 35. Evick did not appeal, but filed for habeas corpus relief in this Court, raising the following grounds for relief:

> **Ground One**: Trial court erred by admitting other bad acts evidence and improperly instructing the jury about said acts.
>
> **Supporting Facts**: Evidence admitted alleged acts by the defendant spanning January, Feb, and March 2017. These acts occurred in Clinton Co. (not Clermont), such that jurors need instructed that even if considered must be limited to exhibit a pattern only and not be given weight as supporting evidence to obtain a guilty finding in Clermont County trial.
>
> **Ground Two**: Trial court erred by granting State's motion *in limine* to limit defendant's cross examination of victim.
>
> **Supporting Facts**: In relation to ground one, state's use of prior acts testimony, when the court granted a motion to limit cross examination it denied the defendant the same right to examine the victims state of mind, credibility and drug abuse.

**Ground Three**: Trial court erred by admitting victims (sic) testimony about condition of camper.

**Supporting Facts:** Admitting testimony (sic) of the living conditions of a camper in Clinton Co. (not Clermont) for purposes other than proof of cohabitation was prejudicial to the defendant.

**Ground Four**: Trial court erred, admitting victim's testimoney (sic) regarding appellant's use of ice, and regarding photo's (sic) of injuries not occurring in Clermont County.

**Supporting Facts**: Trial court sustained objection to use of ice testimoney (sic) but failed to instruct jury to disregard testimoney (sic) of victim. Use of photo evidence of injuries allegedly sustained in Clinton Co. (not Clermont) were prejudicial to the weighing of evidence and finding of guilt in the Clermont county trial.

**Ground Five**: Ineffective assistance of council. (sic)

**Supporting Facts**: Trial Attorney Bruce Wallace represented the petitioner (case # 2017-cr-000191), also represented Jeffrey Eberle in which I testified for the state's trial of Eberle who was convicted of and sentenced to life. This was a great conflict of interest. Trial counsel failed to utilize the narratives of the Clinton Co. victim statements which were inconsistent regarding details of the alleged crime scene, as well as living arrangements. Trial counsel failed to utilize Clermont co. probation records of the victim which contradict other narrative and testimonial facts. Trial counsel failed to utilize report by battered women syndrome expert Erika Yingling, in which victim gave inconsistent statement to trial testimony.

Trial counsel failed to utilize Clinton co. bad prior acts motion and failed to object to admissibility of testimony. Trial counsel failed to utilize evidentiary hearing transcripts which discredit the testimony of Officer Jimmy Taylor at trial. Trial counsel failed to investigate any exculpatory witnesses regarding the petitioner's actions after alleged offenses which would contradict crucially inflaming accusations by the state. See memorandum.

**Ground Six:** Prosecutorial Misconduct.

**Supporting Facts:** During pretrial preparation, Rob Herking was first consulted several times by the petitioner at which many defense strategy details were discussed. Mr. Herking never revealed that he was also an assistant prosecuting attorney for the county in which the petitioner was indicted.

> The prosecutor's office failed to make transportation arrangements which resulted in a failure to appear warrant which gave the prosecution an advantageous tolling of time and allowing Clermont co. to proceed Clinton co trials for the purpose of affecting a consecutive sentencing as opposed to concurrent. See memorandum.
>
> **Ground Seven**: Judicial discretion
>
> **Supporting Facts**: The Court coerced the defendant into withdrawl (sic) of private counsel. The court made mention of the prosecutors (sic) time limitations but did not enforce penalties for failing to meet deadlines. The court failed to advise the defendant of his right to testify or determine if he waived that right. The defendant was denied the right to testify on his own behalf by trial counsel, nor did the defendant waive the right.
>
> The trial court erred by allowing charges of an act that was alleged to occur outside of it's (sic) jurisdiction. The trial court abused it's (sic) authority to consider and justify a consecutive sentence for charges that should have been merged.
>
> **Ground Eight**: Bad prior acts testimoney. (sic)
>
> **Supporting Facts**: The trial court erroneously allowed testimony of bad prior acts, including the details of a pending rape charge in Clinton co. Ultimately the petitioner was found not guilty of rape after the allegations were allowed to permeate Clermont co. trial. See memorandum.

(Petition, ECF No. 1 PageID 5-26).

The Twelfth District Court of Appeals described the relationship between Evick and the victim as follows:

> {¶ 2} In early January 2017, a woman (the "victim") used the social media website Facebook to request a ride home from work from her network of online "friends." Appellant responded to the request and offered to drive her home. The victim accepted. As a result of this meeting, appellant and the victim became romantically involved. Their relationship continued for the next two and a half months. Initially, the two lived at the victim's step-father's house. However, they eventually had to leave her step-father's residence and find other accommodations. While staying with friends or at hotel rooms,

4

> appellant and the victim continued to live together. The two eventually "settled" at a small campground style trailer park in Clinton County, Ohio.

*State v. Evick I (Clermont)* ¶ 2.

The acts in Clermont County which gave rise to the charges in this case and Evick's conviction in this case are described by the Twelfth District as follows:

> {¶ 3} According to the victim [Jennifer Snider], throughout their relationship, appellant would physically and mentally abuse her by kicking and punching her, threatening her, and otherwise exerting control over her. At one point, appellant told her that he could get away with murder because he could easily dispose of a body in a pond located on his friend's land. Additionally, appellant told the victim he was familiar with the smell of burning skin.
>
> {¶ 4} In mid-March 2017, the victim asked appellant to take her to the hospital. Appellant ostensibly agreed and drove the victim into Clermont County. While on their journey, appellant decided to make two unrelated stops, one at his mother's house and the other at his mother's boyfriend's workplace. After the last stop, the two proceeded again to drive around Clermont County. When appellant exited the interstate highway in Miami Township the victim suspected that appellant was not taking her to the hospital, but was instead heading to his friend's property with the pond. At that point, the victim asked appellant where they were going and why they exited from the highway. Instead of answering, appellant punched the victim in the head.
>
> {¶ 5} As the car came to a stop at a traffic signal, the victim, fearing for her safety, fled from appellant's vehicle and ran into a nearby IHOP restaurant. Upon entering the restaurant, she attempted to hide behind one of the hostesses. Another IHOP employee then brought the victim to the back of the restaurant and provided her with a cellular telephone to call 911 – which she did. During this time, appellant came into the restaurant to look for the victim, but quickly left. Law enforcement and emergency medical services subsequently arrived on scene.

*State v. Evick I (Clermont)*.

5

Evick was also indicted in Clinton County, Ohio, on charges arising out of his relationship with Ms. Snider. The acts involved occurred before those giving rise to charges in Clermont County:

> {¶ 2} The charges stemmed from allegations that in March 2017, Evick, through force and intimidation, confined his girlfriend, Jennifer Snider, in a rented recreational camper in a campground in Clinton County, Ohio. The state alleged that over the course of three days, Evick repeatedly attacked and raped Snider inside the camper.

*State v. Evick,* 2020-Ohio-3072 (Ohio App. 12th Dist. May 26, 2020)("*Evick II (Clinton)*"). Evick filed for habeas corpus relief from the Clinton County conviction in Case No. 1:21-cv-111, assigned to District Judge Dlott and referred to Magistrate Judge Elizabeth Preston Deavers. The District Judges in both cases have determined that these two convictions are not sufficiently related to warrant assignment to the same judge.

## Analysis

**The Statute of Limitations**

Respondent argues that consideration of the Petition on the merits is barred by Evick's failure to file within the statute of limitations (Return, ECF No. 9, PageID 1249-56).

The relevant statute of limitations was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and is now codified at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

6

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the limitations date as follows: the Supreme Court of Ohio declined to accept jurisdiction of Evick's direct appeal on October 29, 2019 (Entry, State Court Record, ECF No. 8, Ex. 24). Evick then had ninety days to seek review in the United States Supreme Court or until January 27, 2020. Because Evick did not seek certiorari, the statute began to run the next day and expired January 28, 2021. Evick did not file the Petition until July 28, 2021. Thus, Respondent reasons, the Petition is time-barred.

In his Reply, Evick notes that the Supreme Court of Ohio did not decline jurisdiction over his direct appeal of his Clinton County conviction until March 2, 2021, and he believes "his record wasn't complete" until that date (ECF No. 11, PageID 1354). Indeed, he claims the State "conducted bifurcated trials" on Petitioner's "course of conduct" that spanned two counties and Clermont County decided to proceed first." *Id.*

It is simply not the case that Evick's trial was "bifurcated." Rather, he was separately

7

indicted by grand juries in two Ohio counties for separate felonious acts which occurred on a trip from Clinton County to Clermont County. While the State of Ohio is the prosecuting sovereign in both cases, decisions about how to proceed were made by independent actors in the two counties: the two separate grand juries, the two prosecuting attorneys, the assigned judges, and the various defense attorneys. As Evick points out, his conduct within the territory of Clinton County was the subject of much testimony in the Clermont County case – indeed, he complains in his First Ground for Relief about admission of this prior bad act testimony. The convictions are separate, entered by different courts with territorial jurisdiction over crimes committed separately, albeit crimes committed as part of a single trip.

Evick's general excuse of his late filing is the COVID-19 restrictions. No general exemption to filing deadlines has been enacted by Congress or adopted by the Supreme Court based on the pandemic. Nor has Evick presented any particularized account of how the pandemic interfered for what periods of time with his preparing his case; instead, he tells the Court about how the pandemic interfered in broad terms with access to the courts. This generalized account will not support equitable tolling.

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian*

*Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic). *Pro se* status and limited law library access are insufficient to ground equitable tolling. *Hall v. Warden*, 662 F.3d 745, 751-52 (6th Cir. 2011). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. Equitable tolling should be granted sparingly. *Solomon v. United States*, 467 F.3d 928, 033 (6th Cir. 2006).

**Conclusion**

Petitioner failed to file his Petition within the time allowed by 28 U.S.C. § 2244(d) and has not established any exception to the deadline provided there. Accordingly, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May12, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #