UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON T. EVICK,
      Petitioner,

    v.                                  Case No. 1:21-cv-494
                                        JUDGE DOUGLAS R. COLE
WARDEN, TOLEDO           Magistrate Judge Merz
CORRECTIONAL INSTITUTION,
      Respondent.

**ORDER**

      This cause is before the Court on the Magistrate Judge's May 12, 2022, Report and Recommendation ("R&R," Doc. 22) recommending that this Court dismiss Petitioner Jason Evick's petition for a writ of habeas corpus (Doc. 1). For the reasons briefly discussed below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 22) in full and **DISMISSES** Evick's Petition (Doc. 1) **WITH PREJUDICE**. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous, thereby **DENYING** Cassidy leave to appeal in forma pauperis.

      Evick, an inmate at the Toledo Correctional Institution, petitioned for habeas corpus relief under 22 U.S.C. § 2254 on July 28, 2021. (Doc. 1). In response, the Warden argued that Evick did not file within the statute of limitations and, thus, this Court cannot consider Evick's petition on the merits. (Return, Doc. 9). The Magistrate Judge issued the R&R (Doc. 22) on May 12, 2022, advising the Court to dismiss

Evick's petition with prejudice for failure to comply with the statute of limitations set out in 28 U.S.C. § 2244(d).

The R&R also advised the parties that failure to file any desired objections within 14 days may result in forfeiture of rights, including the right to District Court review. (I*d.* at #1436–37). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R ... is forfeiture"); 28 U.S.C. § (b)(1)(C). Neither party objected. But even without any objections, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Per 28 U.S.C. § 2244(d), Evick had one year from January 28, 2020—the day following the deadline for him to seek review by the United States Supreme Court—to seek habeas relief. He filed the instant petition (Doc. 1) on July 28, 2021. Evick blames this delay on COVID-19 restrictions but offers no specific details relating to his case, or how those restrictions impacted his ability to move forward here. Equitable tolling is certainly on the table, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), but Evick has shown no particular reason why his circumstances warrant such tolling. And the Sixth Circuit has held that pro se status and limited access to a

law library are insufficient. *Hall v. Warden*, 662 F.3d 745, 751–52 (6th Cir. 2011). The Court sees no error, then, in the R&R. For these reasons, the Court **ADOPTS** the R&R (Doc. 22) in full. The Court thus **DISMISSES** Evick's Petition (Doc. 1) **WITH PREJUDICE**. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous, thereby **DENYING** Cassidy leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

  **SO ORDERED.**

October 26, 2022
**DATE**

            **DOUGLAS R. COLE**
            **UNITED STATES DISTRICT JUDGE**